UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STAR GROWERS and
STAR GROWERS, INC.,

    Plaintiffs,

-vs-

UNITED STATES DEPARTMENT OF
  AGRICULTURE AND ITS SUBSIDIARIES
  FARM SERVICE AGENCY AND NATIONAL
  RESOURCES CONSERVATION SERVICE,

    Defendant.

04-CV-0742E(Sr)

MEMORANDUM

and

ORDER[1]

---

## **INTRODUCTION AND BACKGROUND**

This action arises from a dispute over a wetlands determination — to wit, the National Resources Conservation Service ("NRCS") determined that certain lands plaintiffs, Star Growers and Star Growers, Inc. ("Star Growers"), were farming were wetlands that had been manipulated and that Star Growers had violated certain provisions of the Food Security Act of 1985 (16 U.S.C. §§3821 - 3824). The NRCS determination adversely affected Star Growers, who pursued administrative remedies within the United States Department of Agriculture ("USDA") and ultimately prevailed upon a decision by the Deputy Director of the National Appeal Division ("NAD") of the USDA finding that the prior

---

[1] This decision may be cited in whole or in any part.

determination was erroneous and that they were entitled to farm the land and to have their subsidies and other USDA benefits restored.

Star Growers subsequently filed the instant action against the USDA and NRCS under the Equal Access to Justice Act of the Administrative Procedure Act ("EAJA")(5 U.S.C. §504) and the Federal Tort Claims Act ("FTCA")(28 U.S.C. §§1346(b) & 2671, *et seq.*) seeking attorney's fees and other expenses and damages related to the pursuit of their claims.  Attached to the complaint are, *inter alia,* an application for fees and expenses under the EAJA, a copy of the June 16, 2003 Director Review Determination from the NAD of the USDA in which Star Growers prevailed in their appeal of the wetlands determination, an October 3, 2003 Notice of Claim sent by Star Growers to various subsidiaries of and agencies within the USDA demanding reasonable costs and expenses relating to the pursuit of the underlying claim and the various letters the USDA sent in response to that demand.

The defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted (Dkt. #8) .

## **DISCUSSION**

The Court's subject matter jurisdiction over the United States exists only to the extent that the United States has waived its sovereign immunity. *Hercules,*

*Inc.* v. *United States*, 516 U.S. 417, 422- 423 (1996).  Further, any waiver of this sovereign immunity is to be strictly construed in favor of the government. *See Library of Congress* v. *Shaw*, 478 U.S. 310 (1986); *Ruckelshaus* v*.* *Sierra Club*, 463 U.S. 680, 685 (1983); *McMahon* v*. United States*, 342 U.S. 25, 27 (1951); *Escobar* v. *United States*, 935 F.2d 650 (4th Cir. 1991); *Smedberg Mach. & Tool Inc.* v. *Donovan*, 730 F.2d 1089 (7th Cir. 1984).

<u>*The claim under the EAJA*</u>

Star Growers claim jurisdiction under the provisions of the EAJA which are contained in 5 U.S.C. §504, *et seq.* and provide, in part, that

> "An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust."

5 U.S.C. §504 (a)(1).  Defendants claim that this Court lacks subject matter jurisdiction over the EAJA claim for two key reasons.

First, they assert that lawsuit is untimely.  They refer to a letter attached to Star Growers' complaint in support of this argument.  The letter is from the Director of the NAD of the USDA and is dated October 27, 2003.  It purports to respond to Star Growers' aforementioned Notice of Claim of October 3, 2003.  It said that the Director interpreted Star Growers' "letter" (Notice of Claim) as an

application for fees and expenses submitted pursuant to the EAJA, but that it would not be considered because Star Growers failed to comply with the requirements contained in 7 C.F.R. §1.190, *et seq.* regarding such applications and that, nevertheless, the USDA uniformly takes the position that the EAJA does not apply to NAD proceedings except where required by court decision.  The letter also advised Star Growers that it was responding only to the extent that a claim was being made under the EAJA and that the office of the General Counsel of the USDA would respond to any other type of claim implicit in the "letter" (Notice of Claim).

Defendants state that the Director's letter constituted a determination and denial of Star Growers' application for EAJA fees and expenses.  The Court agrees.  5 U.S.C. §504(c)(2) requires that an appeal to this Court be filed "within 30 days after the determination is made".  Presumably this means that the lawsuit herein needed to be filed within 30 days of the Director's letter of October 27, 2003 — which Star Growers obviously did not do.  However, the USDA regulations implementing the EAJA state that "[i]f neither the applicant nor agency counsel seeks [internal] review [as is the case at bar], the initial decision on the fee application [the October 27th letter] shall become a final decision of the Department 35 days after it is served upon the applicant."  7 C.F.R. §1.201.

Therefore, Star Growers had 30 days from December 1, 2003 to file suit herein — which it also failed to do.

Star Growers argue that the October 27th letter was confusing and ambiguous and should not be construed as a denial of their application for EAJA fees and expenses. The Court disagrees. A plain and straight-forward reading of the letter reveals that Star Growers' Notice of Claim was being interpreted as a claim pursuant to the EAJA but that it was being rejected because it had failed to follow the requirements of the applicable federal regulations. Because it was not complete or properly submitted, the NAD refused to consider their arguments. Although the letter indicated that a response from another department was forthcoming on "any other type of claim implicit" in the claim (*i.e.*, the FTCA claim), there was no indication that any further response on the EAJA fee and expense application was going to be made. To the contrary, the clear message from the letter was that any further action on the EAJA claim was in Star Growers' hands. Even if the Court were inclined to accept Star Growers' excuse for the untimely filing, at best it would be considered as an application for a waiver of the deadline. The question then would be whether the time limitations contained in 5 U.S.C. §504(c)(2) are jurisdictional or merely a statute of limitations subject to equitable principles of waiver, tolling or estoppel.

Courts in other circuits have held that the failure to comply with this time limitation is jurisdictional and not waivable. *See Howitt* v. *U.S. Dep't of Commerce*, 897 F.2d 583, 584 (1st Cir. 1990); *Adam Sommerrock Holzbau, GmbH* v. *United States,* 866 F.2d 427, 430 (D.C.Cir.1989); *MacDonald Miller Co.* v. *NLRB*, 856 F.2d 1423, 1425 (9th Cir.1988); *Western Newspaper Publishing Co.* v. *NLRB*, 821 F.2d 459, 460 (7th Cir.1987); *Sonicraft, Inc.* v. *NLRB,* 814 F.2d 385, 386 (7th Cir.1987); *Turner* v. *District of Columbia Bd. of Elections,* 183 F.Supp.2d 22 (D.D.C. 2001). While the Court of Appeals for the Second Circuit has not directly ruled on this issue, *it has held that the time limitation for the filing of the initial application for fees under 5 U.S.C. §504(a)(2) is jurisdictional and not waivable or otherwise subject to the equitable principles of estoppel. Long Island Radio Co. v. NLRB,* 841F.2d 474, 477-78 (2d Cir. 1988). Although the Court is inclined to agree with the other circuits on the jurisdictional nature of the time limitations of 5 U.S.C. §504(c)(2), it need not make such a holding at this time because the Second Circuit holding in the *Long Island Radio* case, *supra*, brings the Court squarely to defendants' second key argument and is determinative of Star Growers' EAJA claim.

Defendants argue that the Court lacks subject matter jurisdiction because Star Growers failed to timely file the initial application for EAJA fees and

expenses. The EAJA allows a prevailing party to make application for an award of fees and expenses to the agency over which it prevailed as follows:

> "A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in the adversary adjudication, submit to the agency an application which shows that the party is a prevailing party and is eligible to receive an award under this section, and the amount sought, including an itemized statement from any attorney, agent, or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the agency was not substantially justified. When the United States appeals the underlying merits of an adversary adjudication, no decision on an application for fees and other expenses in connection with that adversary adjudication shall be made under this section until a final and unreviewable decision is rendered by the court on the appeal or until the underlying merits of the case have been finally determined pursuant to the appeal."

5 U.S.C. §504 (a)(2). Likewise, the attendant regulations require that a claimant file the application for fees and expenses "in no case later than 30 days after final disposition of the proceeding by the Department." 7 C.F.R. §1.193(a). The regulations also state that "the statutory 30 day time limit on filing the application as set out in § 1.193 of this part may not be extended." 7 C.F.R. §1.194. In other words, and as stated, *supra*, this requirement is jurisdictional. *Long Island Radio, supra; see also JMT Mach. Co. Inc.,* v. *U.S.,* 826 F2d 1042 (D.C. Cir. 1987); *Columbia*

*Mfg. Corp.* v. *N.L.R.B.,* 715 F2d 1409 (9th Cir. 1983); *Monark Boat Co.* v. *NLRB*, 708 F2d 1322 (8th Cir. 1983).

Defendants argue that such adjudication became final on June 16, 2003, the date of the Director Review Determination. They therefore conclude that the application (*i.e.*, the Notice of Claim), dated October 3, 2003 and received by the USDA substantially more than 30 days thereafter, was untimely and thus the Court lacks jurisdiction.

Star Growers concede the applicability of 5 U.S.C. §504(a), but dispute defendants' definition of what constitutes a "final disposition" under §504(a)(2), arguing that the June 16th Determination was not the final disposition because it did not provide for the time within which the agency could have appealed. The regulations clearly state that "final disposition means the date on which a decision *** become[s] final and unappealable, both within the Department and to the courts." 7 C.F.R. §1.193(b); *see also Scafar Contracting, Inc.* v. *Secretary of Labor,* 325 F.3d 422, 431 - 32 (3d Cir. 2003)("a prevailing party will have 30 days following the expiration of the time for the [governmental agency] to appeal a decision on the merits to file its fee application under 5 U.S.C. § 504."). The flaw in Star Growers' argument is that the Director Review Determination herein was administratively final and not appealable. 7 U.S.C. §6992(d); 7 C.F.R. §11.6(a)(2).

Thus, the date upon which the application for fees was to be made was July 16, 2003 and Star Growers application, therefore, was substantially untimely.

Because this time limitation is a jurisdictional requirement, the failure of Star Growers to satisfy it leaves this Court without jurisdiction over the EAJA claim and it must therefore be dismissed.

*The Claim under the FTCA*

The crux of Star Growers' claims under the FTCA are contained in paragraph 5 of the complaint wherein they allege in pertinent part:

> "Succinctly stated the USDA and its subsidiaries made past wetland determinations of land owned by Star Growers which were faulty, erroneous and intentionally deceptive to wrongfully abuse a withholding of farm subsidies from Star Growers [who] *** properly requested a wetland determination from the USDA which evaluation was deceptively, negligently, wrongfully and prejudicially accomplished so as to produce a decision or determination substantially to the disadvantage, loss and damage of Star Growers, Inc., thereby requiring Star Growers, Inc. to encounter an extensive, costly, time consuming and emotionally trying appeal processes [sic] ***, which appeal process ultimately resulted in a formal decision and order ***, which order strongly reversed all prior agencies [sic] decisions, *** and essentially declaring all the prior decisions to be wrongful and blatantly in violation of departmental regulations, all which forms the basis of this claim hereby made."

(Dkt. #1, ¶5). Defendants argue that Star Growers cannot bring suit under the FTCA, for a number of reasons.

In sum, they first argue that the FTCA creates a very limited and conditional surrender of the sovereign immunity of the United States in suits for personal injury or loss of property resulting from the negligent or wrongful act or omission of an employee of the government. 28 U.S.C. §2679. These prescribed conditions are exclusive and limited and are not present in the facts as alleged in Star Growers' complaint.

Second, defendants urge that the FTCA does not provide for suit against them as federal agencies, essentially stating that only the United States of America can be sued under the FTCA. In their memorandum of law in opposition to the motion, Star Growers seem to acknowledge that the USDA and NRCS are not the proper parties and "seek Leave [sic] of this Court *** to Amend [sic] the pleadings to add the United States as a defendant ***." (Dkt. #11, p.10). They have made no motion, nor have they submitted a proposed amended complaint. Nevertheless, amendment of the complaint will not be granted because, for the reasons that follow, to do so would not cure the jurisdictional defects and would therefore be futile. *See Donovan* v. *Gober,* 5 F.Supp.2d 142, 150 (W.D.N.Y. 1998).

Third, defendants claim that even if they were the proper parties and/or the United States was a defendant herein, Star Growers' claims would not be proper under the FTCA because claims brought for misrepresentation or deceit, as Star

Growers have alleged, are specifically excluded under the FTCA. *See* 28 U.S.C. §2680(h).

Fourth, for liability to arise under the FTCA, defendants claim that there must be a comparable cognizable cause of action under state law and Star Growers have not established a cause of action under New York law. 28 U.S.C. §1346(b); *Chen* v. *U.S.*, 854 F.2d 622, 626 (2d Cir. 1988). Star Growers' claim, even liberally construed, arises purely in the context of a federal agency interpreting and applying federal statutes and regulations for which there is no state equivalent and Star Growers' general and their abstract theory of New York's law of negligence should be rejected. Lastly, even interpreting Star Growers' claim as allegations of a violation of Due Process would not satisfy this equivalent state law requirement. *Art Metal-U.S.A.* v. *U.S.*, 753 F.2d 1151, 1160 (D.C. Cir. 1985).

Star Growers agree that for liability to arise under the FTCA, there must be a comparable cognizable cause of action under New York and rest their FTCA claim on New York's basic negligence law. Whether or not Star Growers' allegations properly state a cause of action under New York law need not be addressed because even if they do, the allegations, viewed in a light most favorable to plaintiffs, allege conduct which falls squarely within the exceptions to the FTCA's waiver of sovereign immunity contained in 28 U.S.C. §2680 which

the Court will construe in favor of the government.[2]  This reflects defendant's third argument herein and, because it is determinative of Star Growers' FTCA claim, it will be the only of defendant's arguments addressed herein.

To the extent that the complaint alleges abuse of process, deceit or misrepresentation, the acts complained of fall within what is known as the intentional tort exception to the FTCA.  28 U.S.C. §2680(h).  To the extent that it alleges negligence, they are clearly based upon acts or omissions of an employee of the government in the execution or application of a federal statute or regulation or are based upon the performance of a discretionary function or duty on the part of a federal agency or an employee of the government.  As such, they fall within the discretionary function exception of the FTCA. 28 U.S.C. §2680(a).  The Court can construe Star Growers' allegations in no other manner.  The Court has no subject matter jurisdiction over this claim because it alleges conduct which clearly falls within either the intentional tort exception or the discretionary function exception to the FTCA. *See Appley Brothers* v. *U.S.*, 164 F.3d 1164 (8th Cir.1999)  As such, Star Growers' claim under the FTCA must be dismissed.

---

[2] Stated more particularly, because defendant has made a motion to dismiss, the facts alleged in the complaint are construed in a light most favorable to the plaintiffs.  However, whether the allegations as so construed allege conduct which constitutes a waiver of the sovereign immunity of the United States will be construed in a light most favorable to the government.  *See*, *Library of Congress, supra; Ruckelhous, supra; McMahon, supra.*

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that defendants' motion to dismiss the complaint for lack of subject matter jurisdiction over both the EAJA and FTCA claims is GRANTED and the complaint herein is DISMISSED. The Clerk of the Court is hereby directed to take all steps necessary to close this case.

DATED:   Buffalo, N.Y.

   July 27, 2006

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.